UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                    **DECISION AND ORDER**
                                                          07-CV-27S

NEW YORK STATE SUPREME COURT,
ERIE COUNTY,

LINDA ANGELLO, Commissioner of Labor of
the State of New York,

ADAM W. PERRY, Receiver of St. Augustine
Center, Inc.,

                Defendants.

## I. INTRODUCTION

On January 16, 2007, Plaintiff, the United States of America, (hereinafter "the government") filed the Complaint seeking to foreclose the tax liens filed against St. Augustine Center, Inc. ("the Center") and to enjoin the New York State Supreme Court, Erie County ("the State Court"), from further adjudicating a receivership action concerning the Center. Presently before the Court are Motions by defendant Adam W. Perry ("Perry"), as Receiver of the Center, seeking permission to Pay Receivership Funds into Federal Court and Limit the January 25, 2007 Tax Levy (Docket No. 18) and to Dismiss the Complaint (Docket No. 30), as well as the State Court's Motion to Dismiss the Complaint (Docket No. 25). For the reasons that follow, defendant Perry's Motion seeking permission to Pay Receivership Funds into Federal Court and to Limit the January 25, 2007 Tax Levy is granted in part and denied in part. Perry's Motion to Dismiss the Complaint is denied, and the State Court's Motion to Dismiss the Complaint is granted.

## II. BACKGROUND

**A.    Procedural History**

In October 2005, the New York State Commissioner of Labor obtained a judgment against the Center for wages it had failed to pay its employees in violation of New York Labor Law. After the Center failed to make a payment plan or post a bond for the unpaid wages, and failed to pay additional wages due, State Supreme Court Justice John A. Michalek placed the Center into receivership and appointed Perry as Receiver on February 14, 2006. On November 21, 2006, Perry issued a Report to the State Court recommending distribution of the Center's assets. Perry's motion for approval of the Report and distribution of the assets was scheduled to be heard by the State Court on December 20, 2006.

On December 19, 2006, the government removed the receivership action to this Court on the grounds that it was one "against" the United States.[1] In a decision dated December 27, 2006, the Honorable John T. Elfvin remanded the matter to State Court, concluding that removal had been improper. On December 29, 2006, the government filed a motion to intervene in the receivership action, which motion was denied by the State Court from the bench on January 10, 2007.

On January 16, 2007, the government filed the Complaint (Docket No. 1) seeking to foreclose its tax liens against the Center and seeking to enjoin the State Court from further adjudicating the receivership action because such would allegedly impair the government's ability to recover on its liens. On that same date, the government also filed

---

[1] 06-CV-838S Linda Angello, Commissioner of Labor of the State of New York v. St. Augustine Center, Inc.

a Motion for Preliminary Injunction and Motion for Expedited Hearing again seeking to enjoin the State Court from adjudicating the receivership action. (Docket Nos. 2, 3). The Court heard oral argument on the government's Motion for Preliminary Injunction on January 24, 2007. At oral argument, this Court was presented with a copy of a January 23, 2007, State Court Order adopting the findings of the Receiver's Report, discharging the Receiver, approving the fees and expenses sought by the Receiver and instructing the Receiver to await further instruction with respect to the distribution of the Center's assets.[2] This Court concluded that the Order mooted the government's Motion for Preliminary Injunction because the act sought to be enjoined, *i.e.*, the State Court's further adjudication of the receivership action including the approval of Perry's Report, had been accomplished. (Docket No. 17)

On January 25, 2007, the government apparently issued a Notice of Levy against Perry, both individually and as Receiver, for all of the sums held on behalf of the Center by Perry and/or his law firm, Hodgson Russ, LLP.[3] On January 26, 2007, Perry filed a Motion for Permission to Pay the Receivership Funds into Federal Court and to Limit the January 25, 2007 Tax Levy. (Docket No. 18).[4] On February 5, 2007, the State Court filed

---

[2] The January 23, 2007, State Court Order adopting the Report has been filed as Exhibit A to the Declaration of Stephen Gawlik in support of the State Court's Motion to Dismiss (Docket No. 27). The actual Report, however, has not been provided to this Court.

[3] Neither Perry nor the government has provided the Court with a copy of the Notice of Levy.

[4] The Motion was accompanied by the Declaration of Peter A. Muth (Docket No. 20) and a Motion for Expedited Hearing (Docket No. 19). The government filed a memorandum in opposition to the Motion accompanied by the Declaration of Lisa L. Bellamy. (Docket No. 23). Perry filed a memorandum (Docket No. 36) and the Declaration of Peter A. Muth (Docket No. 37) in reply.

3

a Motion to Dismiss the Complaint. (Docket No. 25).[5] On February 6, 2007, defendant Perry also filed a Motion to Dismiss the Complaint. (Docket No. 30).[6] On March 22, 2007, the United States filed a Combined Opposition to the Motions to Dismiss. (Docket No. 39).[7] On March 30, 2007, both the State Court and Perry filed declarations by their respective counsel in support of their respective Motions to Dismiss. (Docket Nos. 42, 43).

### III. DISCUSSION

**A.    Motion to Deposit Funds and Limit Levy**

In his Motion, Perry seeks an Order (1) permitting him to pay into the Court funds belonging to the Center over which he maintains possession as Receiver in the amount of $111,442.91; (2) permitting him to retain the amount of $67,579.53[8] in commissions, attorney's fees, potential attorney's fees and sums due the government, subject to the government's January 25, 2007, tax levy; (3) declaring that ownership of the funds deposited into Court remains vested in the plaintiff in the receivership action and/or the State Court itself; and (4) declaring that the January 25, 2007, Notice of Levy naming Perry

---

[5] The State Court's Motion was accompanied by a memorandum in support (Docket No. 26) and the Declaration of Stephen Gawlik. (Docket No. 27).

[6] Perry's Motion was accompanied by a memorandum of law (Docket No. 31), and the Declaration of Peter A. Muth (Docket No. 32).

[7] The Combined Opposition was accompanied by the Declaration of Lisa L. Bellamy. (Docket No. 40).

[8] Throughout his Motion papers, Perry states that he seeks to retain $48,833.70. Perry really seeks to retain possession of $48,833.70 in commissions and expenses, plus an additional $10,000 in anticipation of his application for further fees and expenses relative to the defense of this action, plus $8,745.83 allocated to the payment of the government's tax liens as recommended in his Report. See Docket No. 18 at 1-2. Accordingly, Perry actually seeks to retain a total of $67,579.53.

and "referencing" Hodgson Russ be otherwise discharged and extinguished.[9] In his reply memorandum, however, Perry requests only:

> that the Court allow him to transfer $111,442.91 to the Clerk of the Court and hold the remainder in the Manufacturers and Traders Trust Company subject to Plaintiff's tax lien on him until the Court resolves this foreclosure action and priorities of liens thereof. Furthermore, [Perry] requests that the Court discharge the tax levy issued against Hodgson Russ, LLP . . . .

Reply Memorandum (Docket No. 35) at 4.[10]

Perry argues that he should be able to retain possession of the amounts approved by the State Court as fees and expenses of the receivership, including attorney's fees, and an additional $10,000 in potential future fees because under 26 U.S.C. §6323(b)(8) the payment of such fees takes priority over all other claims, including the government's pre-existing tax liens.[11] Perry submits that it is appropriate to pay into the Court the remaining amounts until such time as this Court determines whether the government's tax liens have priority over the claims of former employees of the Center, and that the Court's acceptance of those funds will "take those funds out of the control and reach of the Receiver, will help the Court in its distribution thereof, and will relieve some burden placed on the Receiver." (Docket No. 36 at 3-4). Finally, Perry contends that, as the Receivership funds "have never

---

[9] As no party has provided this Court with copies of the Notice of Levy, it is unclear whether the Notice of Levy merely "references" Hodgson Russ as Perry asserts in his motion papers, or whether the levy was actually issued against Hodgson Russ as is stated in the government's opposition papers and in Perry's reply papers.

[10] It appears that Perry has abandoned his initial request for a declaration as to the ownership of the funds in his possession as Receiver. Even if Perry had not abandoned his request for such relief, Perry cited no authority demonstrating the propriety of such an order.

[11] Perry also contends that this Court is precluded by operation of the Rooker-Feldman Doctrine from reconsidering the propriety of the amounts awarded to Perry as Receiver and to Hodgson Russ as Receiver's counsel. The determination of priority is not relevant to these Motions, and the Court will consider arguments pertaining to that issue at the appropriate time.

been and will never be in the possession of Hodgson Russ," (Docket No. 36 at 4), discharge of the Notice of Levy as to Hodgson Russ is appropriate.

The government opposes Perry's Motion in all respects. First, the government contends that because the State Court has approved Perry's Report in the receivership action, Perry requires permission of the State Court before depositing any sum of money into this Court, other than the amounts approved by the State Court for Perry's commissions and expenses.[12] The government further represents that it would not object to Perry depositing all of the funds within his control upon his receipt of permission from the State Court and further represents that should such a deposit be made, it would discharge the Notice of Levy as to Perry and Hodgson Russ. Finally, the government argues that the Anti-Injunction Act, 26 U.S.C. §7421(a), prohibits this Court from vacating and/or reducing the amount of any Notice of Levy as such would impede the government's ability to levy and collect taxes.

Rule 67(a) of the Federal Rules of Civil Procedure states:

**Depositing Property**. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party — on notice to every other party and by leave of court — may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

FED. R. CIV. P. 67(a). It is within the court's discretion to permit or deny such a deposit. See Gulf States Util. Co. v. Alabama Power Co., 824 F.2d 1465, 1475 (5th Cir.), modified on other grounds, 831 F.2d 557 (5th Cir. 1987). "The purpose of Rule 67 is 'to relieve the depositor of responsibility for a fund in dispute,' such as in an interpleader action." Id. at

---

[12]The government cites no authority in support of this proposition.

1474 (quoting 12 Charles Wright and Arthur Miller, Federal Practice and Procedure, §2991 (1973)).

The portion of Perry's Motion seeking to deposit funds is granted. It is undisputed that Perry has no claim to $111,442.91 of the receivership funds. To require Perry to continue to administer such funds in trust may only serve to diminish the sum available to any of the claimants due to Perry's potential claim for additional attorney's fees. Thus, the Court will grant Perry's Motion to Deposit Funds into Federal Court in the amount of $111,442.91 and such funds will be accepted by the Clerk of the Court, deposited in an interest-bearing account and subject to Local Rule of Civil Procedure 67, this Court's General Orders and 28 U.S.C. §1914(b).[13]

The portion of Perry's Motion seeking to limit or otherwise discharge the government's tax levy is denied. Perry retains possession of funds to which the government claims priority and upon which the government has levied. Perry fails to cite any authority demonstrating that this Court has jurisdiction to limit the government's levy. Furthermore, although Perry is a member of the law firm of Hodgson Russ and is represented in this action by the firm, in his capacity as Receiver Perry lacks standing to seek any relief on behalf of Hodgson Russ. Accordingly, Perry's Motion is denied insofar as it seeks to limit or discharge the government's Notice of Levy.

**B.  State Court's Motion to Dismiss**

The State Court's Motion seeks to Dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[13] In so ruling, the Court makes no determination as to Perry's claim of priority over all or part of the funds of which he retains possession.

Procedure. The State Court argues that the allegations within the Complaint, even when assumed to be true, do not state any cause of action against it.[14] The government opposes the State Court's Motion and contends that if the State Court is not enjoined, this Court's duty to determine the priority of the government's tax liens, and the government's ability to collect on those tax liens will be frustrated.

In adjudicating the State Court's Motion, this Court assumes the truth of the following factual allegations contained in the government's Complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997). The Court also notes that it may consider facts alleged in "the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

The Center failed to fully pay federal employment taxes for periods of 2003, 2004 and 2005. (Compl. at ¶ 5). After assessments for each such period remained unpaid despite the government's demand for payment (Compl. ¶ 6,7), the government filed Notices of Federal Tax Lien on June 6, 2005, and December 19, 2005, with the New York State Secretary of State and with the Erie County Clerk's Office. (Compl. ¶ 5, 10). As of the date of the Complaint, the Center owed the Internal Revenue Service $699,553.12 plus interest and penalties. (Compl. ¶ 5).

---

[14]The State Court also argues that even if the Complaint states a cause of action, this Court is precluded from adjudicating it pursuant to the Younger Abstention Doctrine. See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed.2d 669 (1974). For the reasons stated, *infra*, the Court concludes that no cause of action is stated against the State Court and therefore the Court need not consider this alternative argument.

8

In October 2005, the New York State Commissioner of Labor filed a petition against the Center in State Court alleging that the Center failed to pay wages to its employees in violation of New York Labor Law. (Compl. 14). On February 14, 2006, the State Court appointed Perry as Temporary Receiver for the Center. (Compl. ¶ 14). On April 13, 2006, the government filed a Proof of Claim for Internal Revenue Taxes in the State Court receivership action. (Compl. ¶ 16). As Receiver, Perry sold the Center's caseload, billed and collected accounts receivable, and auctioned the Center's furniture and office equipment, resulting in funds of approximately $178,262.82 available for distribution to creditors. (Compl. ¶ 17). The Center continues to hold title to approximately fifteen parcels of real property in Buffalo, New York. (Compl. ¶ 17). The Receiver thereafter filed a motion in the receivership action including a proposed distribution plan for the funds, which motion was scheduled to be heard by the State Court on December 20, 2006. (Compl. ¶ 18). On December 19, 2006, the government removed the receivership action to the United States District Court, Western District of New York. (Compl. ¶ 18). On December 27, 2006, the District Court (Elfvin, J.) remanded the receivership action to State Court. (Compl. ¶ 19). On December 29, 2006, the government filed a motion to intervene in the receivership action, which was denied by the State Court on January 10, 2007. (Compl. ¶ 20).

The government asks that the State Court:

> "be enjoined, during the pendency of this action, from further adjudicating the claims and interests of other persons in the funds or other property held by the Receiver . . . ."

(Compl. at 7).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

9

complaint for "failure to state a claim upon which relief can be granted." A court may dismiss an action under this rule if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). On a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will or might ultimately prevail on [a] claim, but whether [it] is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter, 128 F.3d at 62 (citation omitted).

The State Court's Motion is granted. The government has failed to identify any cause of action against the State Court that would entitle the government to the injunctive relief sought in the Complaint. Because the State Court denied the government's motion to intervene in the receivership action, no determination by the State Court can divest the government's tax liens from the subject funds or property. See 26 U.S.C. §7424. Moreover, as this Court determined in denying the government's Motion for Preliminary Injunction on January 24, 2007, the acts sought to be enjoined were accomplished by the State Court on January 23, 2007, when it further adjudicated the receivership action by approving the findings as set forth in the Receiver's Report.[15] Even if the State Court was to now order distribution of the funds, the government may still protect its interest in the

---

[15] A copy of the State Court's January 23, 2007, is attached to the Declaration of Stephen Gawlik (Docket No. 27) at Exhibit A. Although consideration of materials outside the Complaint is generally prohibited on a Rule 12(b)(6) motion, the Court may take judicial notice of the existence of the Order and such consideration is appropriate under these circumstances. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

funds by issuing a levy to the appropriate party. Accordingly, the State Court's Motion is granted and the Complaint is dismissed as to the State Court.

**C.   Perry's Motion to Dismiss**

Defendant Perry seeks dismissal of the Complaint pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Perry contends that the government has failed to name indispensable parties identified in the Receiver's Report, including former employees of the Center who are owed wages and those persons holding liens on the Center's real property.[16] Perry further contends that the failure to join those persons as parties requires dismissal of the Complaint, even though he acknowledges that joinder of all such necessary persons is feasible. (Docket No. 31 at 6).

The government opposes the motion and argues that the persons identified by Perry as having liens against the subject real properties cannot demonstrate that their liens are "choate" and that Perry has failed to provide evidence that any other individual has a "publicly-filed" claim against the property. (Docket No. 39 at 5-6). Finally, the government represents that, should the Court conclude that joinder of additional parties is required, the proper remedy is to order such joinder rather than dismiss the action. The government does not oppose joinder of the "state entities" identified by Perry in his Motion and suggests that the Commissioner of Labor has represented the interests of the former employees throughout the receivership action and could continue to do so in this action. (Docket No. 39 at 7).

---

[16] Perry does not specifically identify the former employees, but refers the Court to the Receiver's Report which has not been filed with this Court. The list of alleged lienholders is included in the Declaration of Peter Muth in support of the motion. (Docket No. 32).

11

On a motion to dismiss pursuant to Rule 12(b)(7), "the moving party has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." Holland v. Fahnestock & Co., 210 F.R.D. 487, 495 (S.D.N.Y. 2002) (internal citation and quotation omitted). "The Court may consider matters outside the pleadings in ruling on the motion." Ibid (citations omitted). However, "*ex parte* statements, made without any documentation, are insufficient to sustain [such a] motion." In re Caesars Palace Sec. Litig., 360 F. Supp. 366, 395 (S.D.N.Y. 1973).

Rule 19(a) of the Federal Rules of Civil Procedure addresses persons who must be joined as parties in civil actions. It states:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot afford complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (I) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2) Joinder By Court Order. If a person has not been joined as required, the court must order that the person be made a party. . . .

FED. R. CIV. P. 19(a). Rule 19(b) provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among existing parties or should be dismissed . . . ." FED. R. CIV. P. 19(b) (emphasis added).

Section 7403(b) of Title 26 of the United States Code specifically addresses the

12

issue of who must be made a party to an action to foreclose tax liens. It states:

> All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

26 U.S.C. §7403(b). The only "evidence" of other claimants submitted by Perry is the Declaration of Peter A. Muth which sets forth a table of alleged lienholders and the purported amounts of their liens, and otherwise refers to the claimants listed in the Report. However, as noted *supra*, the actual Report has not been submitted to this Court. The government does not dispute the existence of other lienholders or claimants, but rather only argues that the liens are "inchoate" and the claims not "publicly filed." Such considerations are relevant only to the issue of priority of payment. "[A] federal tax lien takes priority over competing liens unless the competing lien was choate, or fully established, prior to the attachment of the federal lien." Don King Prods., Inc. v. Thomas, 945 F.2d 529, 533 (2d Cir. 1991) (citing United States v. City of New Britain, 347 U.S. 81, 86, 74 S. Ct. 367, 370, 98 L. Ed. 520 (1954)). The government has not cited any authority indicating that inchoate lienholders or persons with claims not publicly filed need not be named as parties.

Accordingly, as Perry concedes that it is feasible to join the necessary persons, his Motion to Dismiss the Complaint is denied without prejudice and the government is ordered to join as parties <u>all</u> persons having liens upon or claiming an interest in the property involved in this action.

## IV. CONCLUSION

For the foregoing reasons, Perry's Motion for Permission to Pay Funds into Court and to Limit the January 25, 2007 Tax Levy is granted insofar as Perry may deposit funds of $111,442.91 into the Registry of the Court and is denied in all other respects. Perry's Motion to Dismiss the Complaint for Failure to Join Necessary Parties is denied and the State Court's Motion to Dismiss the Complaint for Failure to State a Claim is granted.

## V. ORDERS

IT IS HEREBY ORDERED, that Perry's Motion for Permission to Pay Funds into Federal Court and to Limit the January 25, 2007 Tax Levy (Docket No. 18) is GRANTED in part and DENIED in part, consistent with the foregoing decision.

FURTHER, that Adam Perry shall present his check in the sum of $111,442.91, plus any accrued interest payable to the Clerk of the Court of the United States for the Western District of New York, as a deposit of the receivership funds in this action.

FURTHER, that Rodney C. Early, Clerk of the Court for the Western District of New York, pursuant to Local Rule of Civil Procedure 67, this Court's General Orders and 28 U.S.C. §1914(b), shall accept said check and receive the sum represented hereby as the receivership funds in this action and remit said proceeds to the Registry of this Court for ultimate disposition by Order of this Court in this action.

FURTHER, that Perry's Motion to Dismiss the Complaint for Failure to Join Necessary Parties (Docket No. 30) is DENIED.

FURTHER, that the government is ordered to join as a party to this action all

persons having liens upon or claiming any interest in the property within 45 days of the date this Order is entered on the docket.

FURTHER, that the State Court's Motion to Dismiss the Complaint for Failure to State a Claim (Docket No. 25) is GRANTED.

FURTHER, that the Clerk of the Court is directed to terminate New York State Supreme Court, Erie County as a Defendant in this case.

SO ORDERED.

Dated: February 1, 2008
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge